KUYKENDALL v. KUYKENDALL.

1. ACCOUNTING—JOINT ACCOUNTS—FRAUD—EVIDENCE.
    Evidence presented in suit for accounting, brought by plaintiff, daughter-in-law of defendant, after the death of her husband, to recover proceeds of account owned jointly by her husband and his father with rights of survivorship, *held*, to support trial court's denial of relief on the ground that there was no basis for finding that defendant had perpetrated a fraud upon her, where the evidence shows defendant had exhibited the account book to plaintiff and her husband at various times, that defendant had deposited checks plaintiff had given him in an account jointly owned by herself and her husband, and that testamentary efforts on the part of her husband indicated the deposits had been made in compliance with the husband's wishes and of his own money.

2. COSTS—BRIEF.
    No costs are allowed in suit for accounting upon affirmance of decree, where appellee has not filed a brief.

Appeal from Jackson; Simpson (John), J. Submitted April 3, 1963. (Calendar No. 19, Docket No. 49,702.) Decided May 9, 1963.

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Accounts and Accounting § 55.
[2] 5 Am Jur 2d, Appeal and Error § 1010.

Bill by Irene Kuykendall against Morgan Kuykendall for accounting of money deposited in joint account. Bill dismissed. Plaintiff appeals. Affirmed.

*Kevin J. Daly,* for plaintiff.

PER CURIAM. Plaintiff instituted suit in equity against her father-in-law to recover the proceeds from a savings and loan association account which, during her husband's lifetime, was owned jointly by her husband and defendant. Plaintiff claims that she and her husband each gave defendant sums of money for deposit by him to their bank and savings and loan association accounts, this long standing arrangement having been made because both plaintiff and her husband were employed during regular bank hours and thus were unable to handle such financial affairs themselves. Plaintiff claims that it was her understanding that the deposits made by defendant were made in deposit accounts owned jointly by her and her husband, but that after her husband's death in 1960 she discovered that most of the deposits had been made to an account owned jointly by her husband and his father, the defendant. She seeks recovery of the proceeds from that account on the theory that defendant and her deceased husband perpetrated a fraud upon her.

The chancellor found no evidence of fraud by defendant or any other grounds upon which plaintiff properly could claim entitlement to the the disputed funds. We have reviewed this record in its entirety and reach the same conclusion reached by the chancellor.

At best, plaintiff proved only that she was unaware that her husband had opened a deposit account in his own name and in his father's name with rights of survivorship. There was no evidence from which

even an inference could be drawn that the defendant deposited to that account any money given to him by plaintiff; but, on the contrary, the evidence supports the defendant's contention that, in accordance with instructions all parties concerned understood, when plaintiff gave him money for deposit he deposited it in her account which she owned jointly with her husband and that when plaintiff's husband gave defendant money for deposit he deposited it in the husband's account owned jointly with defendant.

The chancellor concluded that plaintiff knew of the arrangement and that the deposit books had been shown to the plaintiff and her husband by the defendant from time to time as deposits were made and interest recorded. On *de novo* review, we find no basis for concluding to the contrary.

An instrument allegedly the last will and testament of plaintiff's decedent husband was introduced in evidence by the plaintiff. Among other things, it discloses that at the time of its execution, decedent made reference to the disputed account and described it as a joint account with his father, adding that upon his death the balance in the account "should probably go to him without the necessity of probating." The lawyer who drafted this instrument testified for the plaintiff that he had not been shown the account book when he prepared the will and that he believed it desirable to refer to the account in the will in the event decedent's description of the account was inaccurate. Accordingly, after the language above quoted, the testamentary instrument also provided that if for any reason it became necessary to include the proceeds of the account in the decedent's estate, the proceeds should be divided equally between decedent's wife and his father, if the father survived.

The evidence offered by plaintiff herself concerning the testamentary efforts of her husband indicate

to us that the deposits made by the defendant to the disputed account were made in compliance with the husband's wishes. Absent any showing that plaintiff's funds were deposited in the disputed account by defendant, against plaintiff's wishes and contrary to her instructions to defendant, there is no basis in law for the equitable relief she prays.

Affirmed. No costs, defendant not having filed a brief.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.